

# NUMBER 13-18-00099-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT WAYNE MECKEL,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By a single issue, appellant Robert Wayne Meckel appeals his eight-year sentence after the revocation of his community supervision for driving while intoxicated (DWI), a third–degree felony, on the ground that it is disproportionate and constitutes cruel and unusual punishment. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West, Westlaw through 2017 1st C.S.).

## I.  BACKGROUND

Meckel was originally charged with felony DWI arising out of his arrest on September 28, 2011, in San Patricio County.  *See id.*  The indictment recited that Meckel was previously convicted of two DWIs on March 17, 2003 arising out of separate incidents.  Meckel pled guilty pursuant to a plea agreement with the State which included his acknowledgement of the enhancement for his 2003 DWI convictions.  The trial court sentenced Meckel to eight years' imprisonment which was suspended in favor of eight years' community supervision on June 15, 2012.

In 2017, the State moved to revoke Meckel's community supervision after he was the driver in a one-car collision with a building, in which his passenger was injured, and it appeared that Meckel was intoxicated.  Meckel had also removed the ignition interlock from the vehicle.  Meckel's collision occurred in San Antonio, where he was arrested and jailed.  Meckel applied for reinstatement of his community supervision in San Patricio County.

The hearing on the State's motion to revoke was held in February 2018.  Meckel pled true to the alleged violations, and the trial court found that he violated the terms of his supervision.  The trial court admitted the State's exhibits without objection:  1) Meckel's judicial confession, 2) an affidavit from Meckel's probation officer, and 3) a revocation report.  The revocation report reflected that Meckel successfully completed a number of treatment programs between July 2012 and April 2017.  The only testimony at the hearing was from Meckel's sister who explained that Meckel lived with their mother in San Antonio and was their mother's caregiver.  The sister observed that Meckel did

well in structured programs and requested further treatment for his alcohol abuse.   The trial court revoked Meckel's community supervision and sentenced Meckel to eight year's imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Meckel appealed.

## II.   Appellant Failed to Preserve his Claim of Disproportionate Sentence

Counsel argues that the sentence imposed by the trial court was "disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States constitution."   A defendant must make a specific and timely objection to preserve a complaint of disproportionality for review.   Tex. R. App. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); see also *Lara v. State*, No. 13-14-00396-CR, 2016 WL 2955012 at *2 (Tex. App.—Corpus Christi, May 19, 2016, no pet.) (mem. op., not designated for publication).   Meckel did not object at sentencing, nor did he file a post-judgment motion objecting to his sentence.   As a result, he has not preserved his Eighth Amendment challenge to his sentence for appeal. Meckel's sole ground of appeal is denied.

## III.   Conclusion

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
2nd day of August, 2018.

3